**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **SESACO CORPORATION,** | |
| *Plaintiff,* | |
| vs. | **Case No. 1:20-cv-01053-LY** |
| **EQUINOM LTD. and** **RUBEN JOE GUZMAN,** | |
| *Defendants.* | |

## JOINT CLAIM CONSTRUCTION STATEMENT

Attached hereto as Exhibit A is the "Joint Claim Construction Statement" (the "Statement") as required by the Court's "Pre-*Markman* Scheduling Order" (Doc. 41) (the "Scheduling Order"). The Court extended the deadline to file the Statement up to and including April 8, 2022.  (Doc. 47).

The Statement includes three (3) stipulated constructions numbered 1 through 3.  By stipulating to these proposed constructions, neither party waives its position regarding infringement and validity *vel non* of the claims.

The statement further includes eight (8) additional claim terms numbered 4 through 11. The parties dispute the proper construction of those terms.  Citations each party identifies as intrinsic and Equinom's extrinsic evidence are included below each party's respective proposed constructions.  By including these citations in this Statement, neither party waives any objection to the material cited by the other party and each party reserves the right to object to whether such material is proper evidence for the identified claim terminology.

Defendant Equinom has indicated that it believes the Court should rule on the validity of certain claims under 35 U.S.C. § 112(d) as part of claim construction and plans to address that issue in its *Markman* brief.

The parties disagree as to whether *Markman* briefing should address validity of the claims *vel* non under 35 U.S.C. § 112(d).  Plaintiff's position is that the Court's stay as ordered in "Pre-*Markman* Scheduling Order" (Doc. 41), "Order Setting Initial Pretrial Conference And Staying Action" (Doc. 38), and instructions from the bench in the "Transcript Of Initial Pretrial Conference Before The Honorable Lee Yeakel" (Doc. 42) precludes addressing invalidity issues under 35 U.S.C. § 112 generally and limits *Markman* briefing to the proper construction of claim terms are an argument that the claim term has no proper construction, i.e., is indefinite, and Plaintiff therefore objects to inclusion of such issues in claim construction briefing.

Unfortunately, Equinom is compelled to address Sesaco's assertion that the Court cannot determine the invalidity of dependent claims in its Markman decision, as a matter of law.

Title 35 U.S.C. § 112, paragraph 4 requires that dependent claims be narrower than the claims from which they depend, or they are invalid.

Neither the Court's order (Doc. 41), nor its instruction during the September 15, 2021 hearing (Doc. 38), address deferring issues of law concerning claim invalidity; and, Sesaco has provided no supporting citation for its assertion.  Equinom told Sesaco that the dependent claims are invalid since January 28, 2022, for the same reason they expect to demonstrate at the *Markman* hearing – they fail to limit the claims on which they depend.  Once again, in Equinom's March 14,

2022 Response to Sesaco's proposed claim constructions, Equinom laid out in detail that the dependent claims were invalid because they failed to narrow the claims. (See pp. 5-11 and 35-39.

Equinom will show that '692 patent claims 6 and 18 are invalid dependent claims because they fail to narrow the scope of the independent claims (1 and 13, respectively) from which they depend (and because they depend from invalid claims), and claims 7 and 19 are invalid dependent claims because they depend from invalid dependent claims (i.e., claims 6 and 18, respectively). Equinom submits there are no issues of fact concerning the scope of these dependent claims, and removing them from this proceeding at an early stage will narrow the issues and reduce costs and complexity (e.g., motion practice, expert reports, expert and fact witness testimony at depositions and possibly at trial on these four claims will be unnecessary). These are not jury issues. See e.g., *Markman v. Westview*, 517 U.S. 370, 390-91 (1996) ("Finally, we see the importance of uniformity in the treatment of a given patent as an independent reason to allocate all issues of construction to the court. *** Uniformity would, however, be ill served by submitting issues of document construction to juries.")

On Thursday night, April 7, Equinom stated that in addition to the intrinsic evidence required by the Court's "Pre-*Markman* Scheduling Order" (Doc. 41), the Statement should also include extrinsic evidence. It is Sesaco's position that the Scheduling Order stipulated to by the parties and entered by the Court supersedes any prior discussion and requires only intrinsic evidence citations. Nevertheless, and as an accommodation, Sesaco identifies the following materials (to the extent not already cited as intrinsic evidence) that may be relevant to the construction of disputed terms 4–7 and reserves the right to cite to those papers in its *Markman* briefing.

1) A declaration from the Derald Ray Langham to be prepared in conjunction with Sesaco's *Markman* briefs;

2) The Deposition of Derald Ray Langham taken January 12, 2022, in this case;

3) U.S. Patent No. 6,100,452 (EQU_000001–EQU_000022);

4) U.S. Patent No. 6,781,031 B2 (EQU_000023–EQU_000052);

5) U.S. Patent No. 6,815,576 B2 (EQU_000053–EQU_000078);

6) U.S. Patent No. 7,148,403 B2 (EQU_000079–EQU_000108);

7) U.S. Patent No. 7,332,652 B2 (EQU_000109–EQU_000138);

8) WO WO9915681 (EQU_000418–EQU_000438);

9) WO WO0013488 (EQU_000439–EQU_000489);

10) Ashri, A. 1998. "Sesame Breeding." Plant Breeding Rev. 16:179-228. ("Ashri 1998");

11) Ashri, A. 1980. "Sesame." Oil Crops of the World, Chap. 18, pp. 375-387; McGraw-Hill Publishing, Co., New York ("Ashri 1980");

12) Bakheit, et al. 1996. "Inheritance of Some Qualitative and Quantitative Characters in Sesamum idicum L," Assuit Journal of the Agricultural Sciences 27:27-41 ("Bakheit 1996");

13) Day, Jamie. 1998 "The mechanism of indehiscence in Sesame. Features that might be useful in a breeding programme," Third FAO/IAEA Research Coordination meeting on Induced Mutations for Sesame Improvements, Bangkok, Thailand; Apr. 6-19, 1998; 11pp. ("Day 1998");

14) Delgado, et al. 1992. "Analisis Del Cruzamiento Dialelico De Seis Variedades Indehiscentes Y Dos Dehiscentes de Ajonjoli Sesamum indicum L." Agronomia Tropical 42:191-210 ("Delgado 1992");

15) Hutson, B.D. 1983. "Standards for the inspection and grading of sesame seed," Hutson Laboratories, Yuma, Arizona, pp. 1-5. ("Hutson 1983");

16) IBPGR Secretariat. 1981. "Descriptor for Sesame," International Board for Plant Genetic Resources, Rome, pp. 1-19 ("IBPGR Secretariat. 1981");

17) Kalton, R.R. 1949. "A promising new oilseed crop for Texas," Proc First International Sesame Conference, Clemson Agricultural College, Clemson, South Carolina, pp. 62-66 ("Kalton 1949");

18) Langham, D.R. 2007. "Phenology of Sesame," Issues in New Crops and New Uses, Janick & Whipkey, eds., ASHS Press, Alexandria, VA, pp. 144-182 ("Langham 2007") (EQU_000869–EQU_000908);

19) Langham, D.G. 1944. "Natural and controlled pollination in sesame," Journal of Heredity 8:254-256 ("Langham 1944");

20) Langham, D.G. and Rodriguez, J. 1949. "Improvements in Sesame in Venezuela," Proc. First Intern'l Sesame Conf., Clemson Agri. College, Clemson, South Carolina, pp. 74-79 ("Langham & Rodriguez 1949");

21) Langham, et al. 1956. "Dehiscencia Y otras caracteristicas del ajonjoli, Sesamum indicum L., en relacion con el problema de la cosecha," Gensa, Maracay, Venezuela; pp. 3-16 ("Langham *et al.* 1956");

22) Langham, D.R. 1998. "Shatter resistance in Sesame," Third FAO/IAEA Res. Co-ord. Mtng on Induced Mutations for Sesame Improvements, Bangkok, Thailand, Apr. 6-10, 1998; 14 pages ("Langham 1998") (EQU_000139– EQU_000175);

23) Langham, D.R. 2001. "Shatter resistance in sesame," In: L. Van Zanten (ed.), Sesame improvements by induced mutations, Proc. Final FAO/IAEA Coordination Research Meeting, IAEA, Vienna TECDOC 1195, pp. 51-61 ("Langham 2001") (EQU_000767– EQU_000779);

24) Langham, D.R. & Wimers, T. 2002. "Progress in mechanizing sesame in the U.S. through breeding," Trends in Crops and New Uses, J. Janick & A. Whipkey (eds.), ASHA Press Alexandria, VA; pp. 157-173 ("Langham & Wimers 2002") (EQU_000214– EQU_000230);

25) Namiki, Mitsuo. 1995. "The Chemistry and Physiological Functions of Sesame," Food Reviews International, 11:281-329 ("Namiki 1995");

26) Osman, H.E. 1985. "Studies in sesame: hybridization and related techiniques," FAO Plant Production and Protection Paper No. 66, pp. 145-156 ("Osman 1985");

27) "Recommendations for the Discussion Groups," 1995. Proceedings of Sesame Workshop, Darwin and Katherine, Northern Territory, Australia, Mar. 12-23, 1995, pp. 252-257 ("Sesame Workshop 1995");

28) Shigeo, et al. 1994. "Breeding of good quality sesame with dehiscence resistance and strong antioxidative property," Baiorunessansu Keikaku ("Shigeo 1994");

29) Wongyai, W. & Juttpornpong, S. 1992 Indirect selection for seed weight in sesame using capsule size as a criteria, Sesame and Safflower Newsletter, No. 7, pp. 4-7 ("Wongyai 1992");

30) Weiss, E.A. 1971. "History," Castor, Sesame and Safflower, Leonard-Hill Books, London; pp. 311-525 ("Weiss 1971");

31) Weiss, E.A. 1983. "Sesame," Oilseed Crops, Longman Inc., New York, pp. 282-340 ("Weiss 1983");

32) Weiss. 2000. "Sesame," Oilseed Crops, Longman Inc., New York, pp. 131-164 ("Weiss 2000");

33) Yermanos, D.M. 1980. "Sesame," Hybridization of Crop Plants, American Society of Agronomy-Crop Science of America, Madison, Wisconsin, pp. 549-563 ("Yermanos 1980");

34) Yermanos, D.M. 1984. "Sesame growing: an idealized overview," Text of speech given in Cairo, Egypt, 4 pages ("Yermanos 1984");

35) Zanten, L.Van (ed.) 1996. "Conclusions and Recommendations," 2nd FAO/IAEA Research Coordination Meeting, Antalya, Turkey, pp. 107-113 ("Zanten 1996");

36) Day, James 2001. "The mechanism of indehiscence in sesame-features that might be useful in a breeding programme," p. 21–30. in L. Van Zanten (ed.) Sesame improvements by induced mutations, Proc. Final FAO/IAEA Co-ord. Res. Mtng, IAEA, Vienna, TECDOC-1195). ("Day 2001");

37) Langham, D. R., J. Riney, G. Smith, and T. Wiemers. 2008. Sesame Grower Guide. Sesaco Corporation, San Antonio, Tex. ("Langham *et al.* 2008");

38) Langham, D. Ray. "Mining for Genes in the NPGS Sesame Collection." ASA-CSSA-SSSA Annual meeting, Indianapolis, India, 2006 ("Langham 2006") (EQU_000231– EQU_000246);

39) U.S. Patent No. 7,847,149 B2 (EQU_000247– EQU_000283);

40) Southwest Sesame Grower's Pamphlet 2006 ("SSG 2006") (EQU_000287– EQU_000308);

41) Sesame-Production Guide. Texas A& M AgriLife Research and Extension Center at San Angelo. (2013) Retrieved March 7, 2022, from https://sanangelo.tamu.edu/extension/agronomy/agronomy-publications/sesame-production-guide/ ("Production Guide 2013") (EQU_000319– EQU_000332);

42) Bennet, M. "Sesame seed: a handbook for farmers and investors." (2011): 08-11. ("Bennet 2011") (EQU_000333– EQU_000340);

43) US 7,855,317 B2 (EQU_000341– EQU_000377);

44) US 8,507,750 B1 (EQU_000378– EQU_000417);

45) Rao, N. Kameswara, Jean Hanson, M. Ehsan Dulloo, Kakoli Ghosh, and A. Nowell. Manual of seed handling in genebanks. No. 8. Bioversity International, 2006 ("Raos 2006") (EQU_000490– EQU_000652);

46) US 2003/0208798 A1 (EQU_000653– EQU_000680);

47) US 2004/0016031 Al (EQU_000681– EQU_000711);

48) US 2006/0005283 Al (EQU_000712– EQU_000741);

49) US 2006/0230472 Al (EQU_000742– EQU_000766);

50) Kafiriti, Elly, and Omari Mponda. "Growth and production of sesame." Soils, plant growth and crop production, Encyclopedia of life support systems (EOLSS), United Kingdom ("Kafri 2010") (2010) (EQU_000830–EQU_000852); and

51) Kinman, Murray L., and J. A. Martin. "Present Status of Sesame Breeding in the United States 1." Agronomy Journal 46, no. 1 (1954): 24-27 ("Kinman 1954") (EQU_000865–EQU_000868).

These items are referred to collectively hereinbelow and in the Statement as "Additional Materials." Additional Materials include materials cited in patent specification, materials cited during prosecution by the applicant and the examiner, and materials cited by Equinom in its invalidity contentions.  To the extent not already produced with Bates numbers, Bates numbered copies of any material cited in Sesaco's *Markman* brief will be produced on or before the date that brief is filed.  In addition, Sesaco reserves the right to cite other or additional other materials in its responsive Reply *Markman* brief as may be required to respond to issues raised by Equinom in its initial *Markman* brief.

Despite early requests, Equinom first saw Sesaco's draft Joint Claim Construction Statement 5:36 PM (EDT) on Wednesday April 6, 2022, two days before it was due. That was the first time Equinom saw that Sesaco had failed to identify any extrinsic evidence to support its proposed constructions.  The next day, after reviewing and revising Sesaco's draft, Equinom told Sesaco it needed to identify its extrinsic evidence, directing them to the Court's instructions. (Doc. 42 at 30:7-12 ("And so the claim construction statement is going to list those claims you want construed and what your proposed construction is and what your opponent's proposed construction is, all on a chart in columns, that will then be cross-referenced into the intrinsic record or the extrinsic record . . . "); see also 34:5-13.)  The day the document is due, Sesaco "identified" a laundry list of 51 "Additional Materials" (above).  None is correlated to any proposed claim construction, and Equinom is left to guess which "Additional Material" relates to which term (if any).  Equinom obviously is being prejudiced by this tactic.

While meeting and conferring concerning their respective positions on claim construction, the parties also discussed the appropriate length of *Markman* briefs, which is not specified in the Scheduling Order.  It is the parties' understanding that *Markman* briefs are not covered under the

court's local rules either as discovery or non-discovery motions.  Given the number of terms and the issues identified, the parties respectfully submit that 25 pages each should be allowed for simultaneous opening briefs on May 20, 2022, and 25 pages each should be allowed for simultaneously filed responsive "Reply" briefs on June 30, 2022.

Dated: April 8, 2022                              Respectfully submitted,

BUTLER SNOW LLP

By: */s/ Eric J.R. Nichols (w/permission-THW)*    */s/ Thomas H. Watkins*
    Eric J.R. Nichols                          Matthew R. Grant (admitted *pro hac vice*)
    State Bar No. 14994900                     HUSCH BLACKWELL LLP
    Karson K. Thompson                         190 Carondelet Plaza, Suite 600
    State Bar No. 24083966                     St. Louis, MO 63105
    1400 Lavaca Street, Suite 1000             314.480.1500 Telephone
    Austin, Texas 78701                        314.480.1505 Facsimile
    Tel.: 737.802.1800                         matt.grant@huschblackwell.com
    Fax: 737.802.1801
    eric.nichols@butlersnow.com                and
    Karson.thompson@butlersnow.com
                                               Philip D. Segrest, Jr. (admitted *pro hac vice*)
    PEARL COHEN ZEDEK LATZER                   HUSCH BLACKWELL LLP
    BARATZ LLP                                 120 South Riverside Plaza, Suite 2200
    David Loewenstein (*pro hac vice*)         Chicago, IL 60606
    Leslie J. Kushner (*pro hac vice*)         312.655.1500 Telephone
    Times Square Tower                         312.655.1501 Facsimile
    7 Times Square, 19th Floor                 philip.segrest@huschblackwell.com
    New York, NY 19103-2799
    Tel.: 646.878.0800                         and
    Fax: 646.878.0801
    DLoewenstein@PearlCohen.com                Thomas H. Watkins
    LKushner@PearlCohen.com                    State Bar No. 20928000
                                               Kevin Koronka
                                               State Bar No. 24047422
                                               HUSCH BLACKWELL LLP
                                               111 Congress Ave Ste 1400
                                               Austin, TX 78701
                                               512.472.5456 Telephone
                                               512.479.1101 Facsimile
                                               tom.watkins@huschblackwell.com
                                               kevin.koronka@huschblackwell.com

                                               ***Attorneys for Plaintiff Sesaco Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record who have appeared in this case via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on April 8, 2022.


*/s/ Thomas H. Watkins*
Thomas H. Watkins

# JOINT CLAIM CONSTRUCTION STATEMENT

## I.   Stipulated Claim Terms

The parties propose the following stipulated constructions for the claim terms numbered 1 through 3.  By stipulating to these proposed constructions, neither party waives its position regarding infringement and validity *vel non* of the claims.  Independent claims are identified with an "*" asterisk.

| No. | Claim Language | Stipulated Construction |
|---|---|---|
| 1 | "capsules retaining essentially all of their seed" ('707: claim 1*)<br><br>"capsules retain essentially all of their seed" ('692 claims 1* & 13*.). | "capsules have lost 0 to 2 seeds" |
| 2 | "sesame crop" ('692: claims 1*, 6, 7, 13*, 18, 19) | "sesame seed" |
| 3 | "6% or less." ('692 claims 7, 19) | "4% to 6%." |

## II.   Disputed Claim Terms

The parties dispute the proper construction of the following claim terms numbered 4 through 11.  Citations each party identifies as intrinsic and Equinom's extrinsic evidence are included below each party's respective proposed constructions.  Neither party waives any objection to the material cited by the other party and each party reserves the right to object to whether such material is relevant and material to claim construction.

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| 4 | "ideal harvest time" ('707, claims 1*; '692, claims 1*, 6, 13*, and 18) | The end of the late drydown stage when the dried sesame crop has a seed moisture content from 4% to 8%.<br><br>US 8,080,707 (SES0000902–SES0000922)<br>Abstract;<br>Sheet 1–Sheet 2<br>col. 4, ℓℓ. 13–21<br>col. 5, ℓℓ. 40–59<br>col. 7, ℓℓ. 49–67<br>col. 8, ℓℓ. 11–48<br>col. 11, ℓℓ. 24–33<br>col. 12, ℓℓ. 4–16<br>col. 13, ℓ. 62–col. 14, ℓ. 2.<br>col. 14, ℓℓ. 21–36<br>col. 15<br>col. 18, ℓℓ. 30–35<br>col. 20, ℓ. 65–col. 21, ℓ. 6<br>col. 22, ℓℓ. 27–33<br>col. 23, ℓℓ. 15–37<br>col. 24, ℓℓ. 7–16<br>Claims 1–7<br><br>No. 12/041,257 (SES0000001–SES0000373)<br>SES0000052–SES0000062 including 53, 55, 59<br>SES0000063–77<br>SES0000089–103 including 95–97 | Indefinite, because claim language is based on the indefinite terms "physiological maturity," "full natural growth," and "capsules begin to dry," and because it is susceptible to multiple different interpretations.<br><br>U.S. Patent No. 8,080,707 patent (SES0000902-922)<br>col. 5, ll. 43-49 ("The late drydown stage ends when the plants are dry enough so that upon harvest, the seed has a moisture of 6% or less.")<br><br>U.S. Patent No. 8,656,692 patent (SES0000943-963)<br>col. 5, ll. 48-50 ("The late drydown stage ends when the plants are dry enough so that upon harvest, the seed has a moisture of 6% or less.")<br>claims 1, 6, 7, 8, 13, 18, and 19 (different "definitions" of "ideal harvest time")<br><br>'692 patent file history (No. 12/946720) (SES0000623–901)<br>SES0000695-696, 698-699<br>SES0000697<br>SES0000716-717 |

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | SES0000104–121 including 112–114<br>SES0000122–138 including 123–126<br>SES0000148–159 including 153–155<br>SES0000169–175 including 170–173<br>SES0000185–188 including 186–187<br>SES0000189–192 including 190–191<br>SES0000310–367 including 316, 320, 323–325, 329–330, 333–334, 336–337, 340, 344, 346–349, 350–358, 359, 362–363<br><br>US 7,855,317 (No. 12/041,205) (EQU_000341– EQU_000377)<br>Sheet 2 – Sheet 7<br>col. 5, ℓ. 55–col. 6, ℓ. 16<br>cols. 27–36<br>col. 49, ℓ. 43–col. 50, ℓ.36<br><br>US 8,656,692 (SES0000943– SES0000963)<br>Abstract,<br>Sheets 1– Sheet 2,<br>col. 4, ℓℓ. 16–25<br>col. 5, ℓ. 45–col. 6, ℓ. 2<br>col. 7, ℓℓ 53–col. 8, ℓ. 49<br>col. 11, ℓℓ. 27–36<br>col. 12, ℓℓ. 10–22<br>col. 13, ℓ. 62–col. 14, ℓ. 2<br>col. 14, ℓℓ. 22–36<br>col. 15 | SES0000848 (specification paragraph [0004])<br>SES0000857 (specification paragraph [0038])<br>SES0000888 (original claims 6, 7) |

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | col. 18, ℓℓ. 30–35<br>col. 20, ℓ. 65–col. 21, ℓ.6<br>col. 22, ℓℓ. 27–33<br>col. 23, ℓℓ. 15–38, 53–62<br>Claims 1–19.<br><br>No. 12/946,720 (SES0000623–SES0000901)<br>SES0000659–672, *passim*<br>SES0000685–707, *passim*<br>SES0000711–733 including 715, 717, 719, 721, 722, 727<br>SES0000738–741 including 739–740<br>SES0000847–896 including 853, 856–857, 861–862, 866, 867, 870, 871, 873–874, 877, 880–886, 887–887, 890, 891–892<br><br>In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning the harvesting of sesame. | |
| 5 | "seed is visible" ('707: claim 1*; '692, claims 1*, 13*)] | "Some of the seeds can be seen in the open tip of the capsule, including when the observer bends or moves the plant, the observer moves his or her head, or the observer crouches over, as needed." | Needs no construction.<br><br>(The terms "bends or moves the plant," "moves his or her head," and "crouches over" in Sesaco's proposed construction are not in the specification or file histories.) |

US 8,080,707 (SES0000902–
SES0000922)
    Sheet 1 – Sheet 2
    col. 6, ℓℓ. 1–62
    col. 7, ℓℓ. 14–36
    col. 8, ℓℓ. 11–18
    col. 15
    col. 19, ℓℓ. 6–10
    col. 20, ℓℓ. 34–44
    Claims 1–7

No. 12/041,257 (SES0000001-
SES0000373)
    SES00000122–SES0000138 including
132
    SES0000310–367 including 320–324,
336–338, 340–34, 343
    SES000362–63

US 8,656,692 (SES0000943–
SES0000963.)
    Sheet 1 – Sheet 2
    col. 6, ℓℓ. 6–67
    col. 7, ℓℓ. 27–40
    col. 8, ℓℓ. 14–21
    col. 15
    col. 18, ℓℓ. 30–36
    col. 19, ℓℓ. 5–10
    col. 20, ℓℓ. 34–44
    Claims 1–19

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | No. 12/946,720 (SES0000623–SES0000901) <br><br> SES000659–672 <br> SES0000685–707 including 687–692, 696, 699–700, 704–705 <br> SES0000847–SES0000896 including 857–861, 873–875, 877–878, 880, 891–892 <br><br><br> In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning the visibility of seeds in capsules. | |
| 6 | "harvesting" ('707, claim 1*; '692: claims 1*, 13*) | "An act or instance of gathering a crop of seed from the field." <br><br> US 8,080,707 (SES0000902–SES0000922) <br> Abstract <br> col.1, ℓ. 20–col.3, ℓ. 42 <br> col. 4, ℓℓ. 13–21 <br> col. 5, ℓℓ. 40–59 <br> col. 8, ℓℓ. 19–47 <br> col. 12, ℓℓ. 4–16 <br> col. 19, ℓ. 21–col. 21, ℓ. 32 <br> claims 1–7 | "harvesting the crop at least four weeks after ideal harvest time", or indefinite <br><br> '707 patent (SES0000902–922) <br> Abstract <br> Sheet 2, Figs. 5A, 5B <br> col. 4, ll. 60-63 <br> col. 5, ll. 54-57 <br> col. 8, ll. 1-10 <br> col. 8, ll. 13-15 <br> col. 8, ll. 33-36 <br> col. 10, ll. 15-18 <br> col. 14, ll. 1-2 <br> col. 14, ll. 21-28 <br> col. 15-16 |

No. 12/041,257 (SES0000001–SES0000373)

SES0000052–62 including 53, 55–56, 59, 60
SES0000063–72 including 63–65, 71, 74
SES0000089–103 including 93, 95, 97
SES0000104–121 including 110, 112, 114
SES0000122–138 including 123, 126, 129, 132–133
SES0000148–168 including 151, 153, 155, 167, 168
SES0000169–175 including 170, 173
SES0000185–188 including 186
SES0000189–192 including 190
SES0000197–204 including 199–200
SES0000240–289 including 240, 242–247, 251, 255, 264–265, 268, 271–281
SES0000310–359 including 311–316, 320, 325, 330, 341–344, 350–358, 359

US 7,855,317. No. 12/041,205 (EQU_000341– EQU_000377)

Abstract
col. 1, ℓ. 14–col. 3, ℓ. 42
col. 5, ℓ. 55–col. 6, ℓ. 7
col. 54, ℓℓ. 5–10

US 6,100,452 (EQU_000001– EQU_000022)

Abstract
col. 1, ℓ. 4–col. 3, ℓ. 45

col. 18, ll. 31–35
col. 24, ll. 11–16
claim 1

'692 patent (SES0000943–963)

Abstract
claims 1(a) and (c), 13(a) and (b)

U.S. Patent No. 8,581,028 ("the '028 patent")(SES0000923–942)[1]

Abstract

'707 patent file history (No. 12/03 1257)(SES0000001–373)

SES0000053, 55, 58–61
SES0000066–67, 71, ¶¶ 11, 14–16, 19–20
SES0000112–115
SES0000117
SES0000132–136
SES0000154–155 ("the difference between the plants taught in the '452 patent and the plant claimed in the application is the fact that the ratings were taken four weeks after the ideal harvest time . . .")

'692 patent file history (No. 12/946720)(SES0000623–901)

SES0000662–664, ¶¶ 11, 14–17
SES0000687, 689–691, 690–691, 695–696, 699–700, 702–704, 706–707

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | col. 6, ℓℓ. 23–37<br>col. 15, ℓℓ. 15–23<br>col. 15, ℓ. 60–col. 16, ℓ. 8.<br>col. 18, ℓℓ. 9–14<br>col. 18, ℓℓ. 36–55<br>col. 19, ℓ. 25–col. 21, ℓ. 9<br><br>US 8,656,692 (SES0000943–SES000963).<br>  Title, Abstract<br>  col. 1, ℓℓ. 1–2<br>  col. 1, ℓ. 21–col. 3, ℓ. 45<br>  col. 4, ℓℓ. 17–25<br>  col. 5, ℓℓ. 45–59<br>  col. 8, ℓℓ. 22–49<br>  col. 12, ℓℓ. 10–22<br>  col. 19, ℓ. 21–col. 21, ℓ. 6<br>  Claims 1–19<br><br>No. 12/946,720 (SES0000623–SES000901)<br>  SES0000659–672 including 659–661, 666, 669<br>  SES0000685–707 including 687–692, 696, 699–706 | '028 patent file history (No. 12/946714)<br>(SES000374–622)<br>  SES000400–402, 404, ¶¶ 11, 14-17, 19-20<br>  SES000425–426, 428-431, 433–435, 438<br><br>U.S. Patent No. 7,855,317 ("the '317 patent")[2]<br>(EQU_000341-377)[2]<br>  col. 50, ll. 32-36 (EQU_000373) |

---

[1] The '028 patent is a divisional of the application of the '707 patent.

[2] "Concurrently filed and commonly owned U.S. patent application Ser. No. 12/041,205 [which matured into U.S. Patent No. 7,855,317 ("the '317 patent'), is herein incorporated by reference, as if fully set forth herein." '707 patent, 8:20–22.

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | SES0000711–733 including 715, 720–722, 726<br>SES0000773–822 including 775–780, 784, 788, 797, 798, 801, 804–814<br>SES0000847–896 including 848–853, 857, 862, 867, 878–881, 887, 890<br><br>In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning the harvesting of sesame. | |
| 7 | "physiological maturity" ('692, claims 1*, 13*) | "A state or condition of a crop of sesame seed marking the endpoint of the ripening stage or phase and the beginning of drying."<br><br>US 8,656,692 (SES0000943–SES0000963)<br>col. 1, ℓℓ. 36–49<br>col. 5, ℓℓ. 18–44<br>col. 23, ℓℓ. 39–52<br>Claims 1–19<br><br>US 7,855,317, No. 12/041,205 (EQU_000341– EQU_000377)<br>Sheet 5<br>col. 1, ℓℓ. 34–47<br>col. 4, ℓℓ. 27–41<br>col. 5, ℓℓ. 7–9, 26–54 | Indefinite, because claim language is susceptible to multiple different meanings.<br><br>'692 patent (SES0000943–963)<br>col. 5, ll. 20–44 (Table I)<br>col. 5, ll. 46–47<br>claims 1, 13 ("definition" in claims based on indefinite terms "full natural growth," "capsules begin to dry"; see below for construction of those terms.)<br><br>'692 patent file history (No. 12/946720) (SES0000623–901)<br>SES0000695–696, 698 ("[A]n exact definition of 'physiological maturity' is not found in the specification…") |

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | col. 9, ℓ. 65–col. 10, ℓ. 33<br>cols. 13–14<br>cols. 25–28<br>cols. 33–40<br>col. 43 ℓ. 28–col. 44, ℓ. 62<br>col. 48<br>col. 49, ℓℓ. 29–55<br>col. 50, ℓ. 55–col. 51, ℓ. 32<br>col. 52, ℓℓ. 59–62<br><br>US 6,100,452 (EQU_000001–EQU_000022)<br>Abstract<br>col. 8, ℓ. 46–col. 9, ℓ. 25<br>col. 10, ℓℓ. 12–40<br><br>No. 12/946,720 (SES0000623–SES0000901)<br>SES000685–707 including 687, 689–690, 693–694, 695, 698–699, 705–707<br>SES0000711–733 including 714, 718–719, 722–724<br>SES0000773–822 including 773, 775, 787, 789<br>SES0000847–896 including 848–853, 856, 857, 862, 867, 878–881, 887, 889, 890 | SES000718-719 (Examiner stating: "'[P]hysiological maturity' [is] not defined by the claim, the specification does not provide a standard for ascertaining the requisite degree, and one of ordinary skill in the art would not be reasonably apprised of the scope of the invention. . . . It is unclear how physiological maturity is defined.'")<br><br>'317 patent (EQU_000341-377)<br>col. 33-34 (EQU_000365) ("Physiological maturity (PM) is defined as the point at which ¾ of the capsules have seed with final color.")<br><br>Extrinsic:<br><br>Langham Tr.<br>103:11-15, 104:4-8<br>108:3-110:5<br>113:6-12<br>117:3-21<br>140:14-141:2<br>216:14-19<br><br>D.R. Langham et al., Progress in Mechanizing Sesame in the US Through Breeding, in TRENDS IN NEW CROPS AND NEW USES 157-173 (J. Janick and A. Whipkey eds., 2002), at 163-164 (EQU_000220-221) ("In the sesame research community, there are many definitions |

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning physiological maturity. | of maturity.") D.R. Langham, *et al.*, *Southwest Sesame Grower's Pamphlet 2006*, April 2006, https://web.archive.org/web/20060007091016 39 http://sesaco.net:80/pamphlet2006.htm, last visited December 10, 2021 (EQU_000301) ("Plants are physiologically mature when the seed in the capsules ¾ up on the capsule zone have turned from milky white to an off-white color.") Langham, D. R., *Phenology of Sesame, in* ISSUES IN NEW CROPS AND NEW USES, ASHS Press, Alexandria, VA., J. Janick and A. Whipkey, eds. 2007, pp. 144-182 at 168 (EQU_000894) ("Physiological maturity (PM) is the date at which 3/4 of the capsules on the main stem have seed with final color and a dark tip.") Langham, D.R., U.S. Patent No. 7,332,652 at Col.27-28 (EQU_000128) ("This is a somewhat subjective unit of measure because there is little difference in the appearance of a line that has 40% and a line that has 60% of plants with PM ['physiological maturity'].") |
| 8 | "full natural growth" ('692, claims 1*, 13*) | "A state or condition of sesame plants having substantially completed growing in a natural environment, such that the crop of | Indefinite, because claim language is susceptible to multiple different interpretations. |

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | sesame seeds on the plant ripens, reaches physiological maturity, and begins to dry." | '692 patent (SES0000943-963) col. 5, ll. 20-44 (Table I) col. 5, ll. 46-47 claims 1, 8, 13 |
| | | US 8,656,692 (SES0000943–SES0000963.) col. 5, ℓℓ. 9-44 Claims 1-19 | |
| | | US 7,855,317, No. 12/041,205 (EQU_00341– EQU_000377) col. 5, ℓℓ. 18-54 | Extrinsic: Langham Tr. 105:23-106:3 107:10-18 118:18-25 121:3-18 |
| | | No. 12/946,720 (SES0000623–SES0000901) SES0000685–707 including 687–692, 696, 698 SES0000847–896 including 856 | |
| | | In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning full natural growth of sesame in the United States. | |
| 9 | "capsules begin to dry" ('692, claims 1*, 13*) | "Sesame begins to dry when the first capsule turns brown." | Indefinite, because claim language is susceptible to multiple different interpretations.<br><br>'692 patent (SES0000943-963) col. 5, ll. 20-44 (Table I) |

col. 5, ll. 46-50

Extrinsic:

Langham Tr.
104:17-105:9

US 8,080,707 (SES0000902–SES0000922)
col. 5, ℓℓ. 14-59
col. 11, ℓℓ. 35-58
col. 11, ℓ. 60-col. 12, ℓ. 3
col. 13, ℓ. 62-col. 14, ℓ. 2
col. 20, ℓℓ. 51-64
col. 21, ℓ. 60-col. 22, ℓ. 26
col. 23, ℓℓ. 27-37
Claims 1-7

US 7,855,317, No. 12/041,205 (EQU_000341– EQU_000377)
col. 1, ℓℓ. 20-33
col. 5, ℓ. 26-col. 6, ℓ. 7

No. 12/041,257 (SES0000001-SES0000373)
SES0000063–77 including 67–68.
SES0000122–138 including 126–127, 134–135
SES0000145–146
SES0000169–175 including 174
SES0000240–289 including 242, 244, 251, 253–254, 256, 264–265
SES0000310–359 including 311, 313–314, 319–320, 324–325, 329–330, 333, 336, 343–344, 346–348

US 8,656,692 (SES0000943–SES0000963.)

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | col. 1, ℓℓ. 24–35<br>col. 2, ℓ. 46–col. 3, ℓ. 5<br>col. 5, ℓℓ. 9–64<br>col. 8, ℓℓ. 22–49<br>col. 11, ℓ. 38–col. 12, ℓ. 9<br>col. 12, ℓ. 62–col. 14, ℓ. 2<br>cols. 15–16<br>col. 20, ℓℓ. 51–64<br>col. 21, ℓ. 60–col. 22, ℓ. 33<br>col. 23, ℓℓ. 16–37<br>Claims 1–19<br><br>No. 12/946,720 (SES0000623–SES0000901)<br>　SES0000659–672 including 663–664<br>　SES0000685–707 including 687–692, 696<br>　SES0000773–822 including 775, 777, 784, 786–787, 789–790, 797–798<br>　SES0000847–896 including 848, 850–851, 856–857, 861–862, 866–867, 870–871, 873–875, 880–881, 883, 885<br><br>In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning crying of sesame. | |

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| 10 | "moisture in said dried sesame crop is from 4% to 8%" ('692, claim 6.)<br><br>"said moisture in seeds of said sesame crop is from 4% to 8%," ('692, claim 18.) | Moisture is "water in the sesame seed crop expressed as a percentage."[3]<br><br>The '692 Patent (SES0000943– SES0000963.)<br>  col.5, ℓ. 55–col. 6, ℓ. 2<br>  cols. 15–16<br>  col. 19 ℓ.58–col. 20 ℓ. 6<br>  Claims 1–19<br><br>The '317 patent, Ser. No. 12/041,205 (EQU_000341– EQU_000377)<br>  col. 5, ℓ. ℓ. 7<br><br>the '452 patent (EQU_000001– EQU_000022)<br>  col. 8, ℓ. 56–col. 9, ℓ. 25<br><br>Ser. No. 12/946,720 (SES0000623– SES0000901)<br>  SES0000685–707 including 687–692, 695, 699, 704<br>  SES0000711–735 including 719, 722<br>  SES0000738–741 including 739–740 | No claim construction necessary; invalid dependent claims |

---

[3] Plaintiff's position is that the Court's stay as ordered in "Pre-*Markman* Scheduling Order" (Doc. 41), "Order Setting Initial Pretrial Conference And Staying Action" (Doc. 38), and instructions from the bench in the "Transcript Of Initial Pretrial Conference Before The Honorable Lee Yeakel" (Doc. 38) precludes addressing invalidity issues under 35 U.S.C. § 112 (including enablement, written description, claim dependency, etc.) except for the claim construction issue of indefiniteness, and Plaintiff therefore objects to inclusion of such issues in claim construction briefing.

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | SES0000773–822 including 787, 801 SES0000847–896 including 856–857, 879, 887–889 <br><br> In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning moisture and the measurement of moisture in sesame. | |
| 11 | "measuring the moisture in a representative selection of capsules of said dried sesame crop" <br><br> ('692, claim 6.) | "measuring the moisture in a representative selection of capsules of said dried sesame crop" refers to "measuring the water in the sesame crop seed contained in a representative selection of capsules." [4] <br><br> US 8,656,692 (SES0000943–SES0000963.) <br> col. 5, ℓ. 45–col. 6, ℓ. 2 <br> cols. 15–16 <br> col. 19 ℓ. 48–col. 20 ℓ. 6 <br> col. 20, ℓℓ. 7–26 <br> Claims 1–19 | Indefinite, because claim language is susceptible to multiple different interpretations, and neither the specification nor file histories define "measuring the moisture in a representative selection of capsules"; <br><br> Invalid dependent claim, because it fails to narrow independent claim 1 and depends from invalid claim 1. |

[4] Plaintiff's position is that the Court's stay as ordered in "Pre-*Markman* Scheduling Order" (Doc. 41), "Order Setting Initial Pretrial Conference And Staying Action" (Doc. 38), and instructions from the bench in the "Transcript Of Initial Pretrial Conference Before The Honorable Lee Yeakel" (Doc. 38) precludes addressing invalidity issues under 35 U.S.C. § 112 (including enablement, written description, claim dependency, etc.) except for the claim construction issue of indefiniteness, and Plaintiff therefore objects to inclusion of such issues in claim construction briefing.

| No. | Claim Language | Sesaco Position & Intrinsic Evidence | Equinom's Proposed Construction and Evidence |
|---|---|---|---|
| | | US 7,855,317, No. 12/041,205 (EQU_000341– EQU_000377) col. 5, ℓℓ. 55–col. 6, ℓ. 7 | |
| | | US 6,100,452 (EQU_000001– EQU_000022) col. 16 ℓℓ. 24–50 col. 18 ℓ. 32–col. 19, ℓ. 14 | |
| | | No. 12/946,720 (SES0000623– SES0000901) SES0000685–707 including 687–692 SES0000738–741 including 739 SES0000773–822 including 802 SES0000847–896 including 879–880, 887–889 | |
| | | In addition to this intrinsic evidence, Sesaco may also cite to the Additional Materials listed concerning the visibility of seeds in capsules | |